

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mrs. E. L. Avery, Member
State Board of Hairdressers and
Cosmetologists
Austin, Texas

Dear Madam:

Opinion No. O-5573
Re: Legality of a called
meeting, held by two
members of a three
member board, without
first having notified
all three members that
such meeting was to be
held.

This will acknowledge receipt of your letter of recent date requesting the opinion of this department upon the above stated subject. We quote from your letter as follows:

"We respectfully request the opinion of your Department as to the legality of a call meeting, held by two members of a three member Board, without first having notified all three members that such meeting was to be held.

"Said meeting was not a regular monthly meeting, as stipulated in the minutes of the Board.

"We refer you to Section 4, subsection (b) of House Bill #189, Acts of the Regular Session Forty-fourth Legislature."

The leading authority on the subject of whether or not it is necessary that all members of a board be notified of a meeting in order to have a legal session thereof is the case of Paola and Falls River Ry. Co. v. Anderson County Commissioners, 16 Kan. 302. The Supreme Court of Kansas therein ruled that to have a legal meeting of a board from which valid orders and decisions may emanate, all members of such body must be notified where practicable that such a meeting will be held. The object of such a rule is expressed by the court as follows:

"Nor is this merely an arbitrary rule, but one founded upon the clearest dictates of reason. Wherever a matter calls for the exercise of deliberation and judgment, it is right that all parties and interests to be affected by the result should have the benefit of the counsel and judgment of all the persons to whom has been intrusted the decision. It may be that all will not concur in the conclusion; but the information and counsel of each may well affect and modify the final judgment of the body. Were the rule otherwise, it might often happen that the very one whose judgment should and would carry the most weight, either by reason of his greater knowledge and experience concerning the special matter, by his riper wisdom and better judgment, or by his greater familiarity with the wishes and necessities of those specially to be affected, or from any other reason, and who was both able and willing to attend, is through lack of notice an absentee. All the benefit, in short, which can flow from the mutual consultation, the experience and knowledge, the wisdom and judgment of each and all the members, is endangered by any other rule. . . . Reason therefore and authority unite in saying that notice to all the members to whom notice is practicable, is essential to a legal special session."

The above rule announced in the Paola case is followed in Texas as is demonstrated in the recent case of Webster v. Texas and Pacific Motor Transport Co., 166 S. W. (2d) 75.

Mrs. E. L. Avery, Page 3


The Supreme Court of Texas in this decision held invalid and void orders growing out of a meeting of two members of the Railroad Commission where the third member had no knowledge of such meeting. We quote from this decision as follows:

> "A careful reading of the above statute makes it clear that it was the intention of the Legislature that the Railroad Commission of this State should be composed of three members, and that the Commission, acting as such, and not the individual Commissioners, should have the authority to grant or refuse applications for permits to operate as common carriers over the highways of this State.

> "It is a well established rule in this State, as well as in other States, that where the Legislature has committed a matter to a board, bureau, or commission, or other administrative agency, such board, bureau, or commission must act thereon as a body at a stated meeting, or one properly called, and of which all the members of such board have notice, or of which they are given an opportunity to attend. Consent or acquiescence of, or agreement by the individual members acting separately, and not as a body, or by a number of the members less than the whole acting collectively at an unscheduled meeting without notice or opportunity of the other members to attend, is not sufficient."

> ". . . ."

> "The purpose of the above rule, which requires the board to act as a body at a regular meeting or at a called meeting, upon proper notice, is to afford each member of the body an opportunity to be present and to impart to his associates the benefit of his experience, counsel, and judgment, and to bring to bear upon them the weight of his argument on the matter to be decided by the Board, in order that the decision, when finally promulgated, may be the composite judgment of the body as a whole."

Authorities in accord with this principle are: Houston and North Texas Motor Freight Lines v. Johnson, 166 S. W. (2d) 78 (Sup. Ct); City of Floydada v. Gilliam, 111 S. W. (2d) 761;

Mrs. E. L. Avery, Page 4

C. J. S. Counties, Sec. 88; First Nat. Bank of Marlin v. Duprey, 133 S. W. (2d) 236.

The Legislature in creating the State Board of Hairdressers and Cosmetologists intended for it to act as a body; this is evident from a reading of Article 735b, Vernon's Annotated Penal Code, the statute dealing with hairdressers and cosmetologists, wherein the Board is empowered to do certain prescribed acts and not one or two members thereof. We are therefore of the opinion the decision of the Supreme Court in Webster v. Texas and Pacific Transport Motor Co., supra, and other authorities cited would be applicable to the meeting of the State Board of Hairdressers and Cosmetologists.

In your request, our attention is called to Section 4, sub-section (b) of Article 735b, supra, which provides as follows:

"The majority members of the Board shall constitute a quorum for the transaction of business. The Board shall prescribe the rules for its government and have a seal with which to authenticate its acts."

The Supreme Court of Indiana in the recent case of Terre Haute Gas Corporation v. Johnson, 45 N. E. (2d) 484, held void orders originating from a meeting composed of two members of a three member board where the third member had no knowledge thereof, notwithstanding a statutory provision that a majority of the Board would constitute a quorum. We find similar language in the case of Webster v. Texas Pacific Transport Motor Co., supra, wherein the Court said the following:

"We do not mean to hold that all members of the Commission must be present to constitute a quorum in order to authorize the transaction of business. What we hold is that the members of the Commission must act as a body with a quorum present, and all members must be given an opportunity to be present if it is reasonably convenient for them to do so."

Mrs. E. L. Avery, Page 5

The Court recognized that a quorum could still legally transact business before them, but all members must be given an opportunity to be present.

It is, therefore, the opinion of this department that a meeting of the State Board of Hairdressers and Cosmetologists, of which all members have not been notified, is not a legal meeting from which valid orders and decisions may emanate.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By    *Fred C. Chandler*
Fred C. Chandler
Assistant

APPROVED SEP 11, 1943
*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

By    *Robert O. Koch*
Robert O. Koch

RCK:fo


OPINION
COMMITTEE
BY